IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                            CRIMINAL ACTION NO. 2:09-cr-00222-41

ELMER LUKE MOORE,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

Before the Court is the United States' Motion for Revocation of Order Releasing Defendant on Bond [Docket 1320].

*I.  BACKGROUND*

Defendant Elmer Luke Moore is named in six counts of a twenty-nine count superseding indictment returned in the above-styled case.  Defendant was arrested on October 6, 2009, pursuant to an arrest warrant issued in connection with the pending charges.  Defendant appeared before Magistrate Judge Mary E. Stanley on October 20, 2009, for a detention hearing.  Upon finding by clear and convincing evidence that no condition or combination of conditions of release would reasonably assure the safety of the community, Magistrate Judge Stanley ordered that Defendant be detained pending trial.

On March 3, 2010, Defendant filed a motion requesting review of his pretrial detention on either of two grounds.  First, he asked the Court to consider the length of time he has been detained and release him under a provision of the Speedy Trial Act, 18 U.S.C. § 3164(c).  Second, and in the

alternative, he sought to reopen his detention hearing under 18 U.S.C. § 3142(f). This Court denied the motion to the extent it sought release under § 3164(c). Defendant's request to reopen his detention hearing was referred to Magistrate Judge Stanley for disposition pursuant to 28 U.S.C. § 636(b)(1).

Magistrate Judge Stanley held a second evidentiary detention hearing on March 5, 2010. Magistrate Judge Stanley found that evidence disclosed to Defendant since the previous detention hearing warranted reopening the matter of detention under 18 U.S.C. § 3142(f). The magistrate judge further found, in light of the newly disclosed evidence, that it was appropriate to release Defendant on bond with a number of restrictive conditions. At the Government's request, Magistrate Judge Stanley stayed her order releasing Defendant.

The Government now brings this appeal seeking a de novo review of Magistrate Judge Stanley's order pursuant to 18 U.S.C. § 3145(a) on the grounds that no condition or combination of conditions of release would assure the safety of any person or the community. This Court held a hearing on the Government's motion on March 11, 2010, at the conclusion of which the Court took the Government's motion under advisement. After a careful review of the arguments presented by the parties and the record, the Court now sets forth its findings and decision below.

## I. STANDARD OF REVIEW

The Bail Reform Act provides that a defendant shall be detained only if a judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the defendant as required or the safety of any other person and the community. 18 U.S.C. § 3142(e). When a party seeks review of a magistrate judge's order releasing or detaining a defendant, the Court must conduct a de novo review of the record and of the proceedings before the magistrate judge, *United States v.*

*Clark*, 865 F.2d 1433, 1436 (4th Cir. 1989), but it need not hold a second detention hearing, *see United States v. Toler*, 684 F. Supp. 436, 437 (S.D. W. Va. 1988) (Haden, C.J.). The Court's decision is guided by the factors set forth in 18 U.S.C. § 3142(g). These factors are (1) "the nature and circumstances of the offense charged;" (2) "the weight of the evidence against the person;" (3) "the history and characteristics of the person" including, among other factors, family ties, employment, financial resources, past conduct, criminal history, and whether the person was on release pending trial; and (4) "the nature and seriousness of the danger to any person or the community that would be posed by the person's release." 18 U.S.C. § 3142(g). Unless § 3142(e)'s rebuttable presumption applies, the burden lies with the Government to demonstrate either (1) by clear and convincing evidence that "no conditions other than detention will reasonably assure the safety of any other person and the community," *United States v. Simms*, 128 F. App'x 314, 315 (4th Cir. 2005) (citing 18 U.S.C. § 3142(f)(2)); or (2) by a preponderance of the evidence that detention is necessary to reasonably assure the appearance of the defendant at future court proceedings, *United States v. Stewart*, 19 F. App'x 46, 48 (4th Cir. 2001).

If probable cause exists to believe that a defendant has committed an offense under 18 U.S.C. § 924(c), a rebuttable presumption arises that no conditions of release exist that would reasonably assure the appearance of the person as required and the safety of the community. 18 U.S.C. § 3142(e)(3). The defendant then has the burden of producing some evidence which suggests that the presumption is unwarranted given the particular facts of his case. *United States v. Dillon*, 938 F.2d 1412, 1416 (1st Cir. 1991); *United States v. Hare*, 873 F.2d 796, 799 (5th Cir. 1989); *United States v. Boyd*, 484 F. Supp. 2d 486, 488 (E.D. Va. 2007). Although the burden of production shifts to the defendant, the government retains the ultimate burden of persuasion. *Dillon*, 938 F.2d at 1416; *Hare*,

873 F.2d at 799. Even if the defendant produces such evidence, the presumption in favor of detention does not disappear, but, instead, the presumption that persons charged under 18 U.S.C. § 924(c) pose a special risk of flight and danger to society must be weighed against the other factors enumerated in 18 U.S.C. § 3142. *Dillon*, 938 F.2d at 1416.

## III. DISCUSSION

Probable cause exists, as evidenced by the superseding indictment, to believe that Defendant committed an offense under 18 U.S.C. § 924(c). Accordingly, the statutory presumption in favor of detention is present in this case.[1] The Government's position is that there are no conditions or combination of conditions other than detention that would reasonably assure the safety of any other person or the community. There have been no representations that there is a risk of Defendant's nonappearance. Accordingly, Defendant's burden is to rebut the presumption that his release would pose a risk to the safety of others and the community. If Defendant successfully rebuts the presumption, the burden shifts to the Government to demonstrate that Defendant should be detained. The Court reviews the evidence and arguments in light of the factors set forth in 18 U.S.C. § 3142(g).

*A.     Nature and Circumstances of the Offenses Charged*

In Counts Thirteen, Fourteen, and Fifteen, Defendant is charged with committing, or aiding and abetting the commission of, obstruction of justice in violation of 18 U.S.C. §§ 1512(a)(2)(C) and 1512(a)(3)(B)(ii); assault with a dangerous weapon in aid of racketeering in violation of 18 U.S.C.

---

[1] The Government apparently neglected to raise the rebuttable presumption before Magistrate Judge Stanley at Defendant's second detention hearing. Nevertheless, the Court will permit the Government to rely on the presumption. Section 3142(e)'s rebuttable presumption is intended to protect the safety of the community, not to afford the Government a procedural advantage in detention proceedings. Thus, it would be inappropriate to deny the Government's invocation of the presumption on procedural grounds. Moreover, this matter is before the Court on de novo review.

§ 1959(a)(3); and using and carrying a firearm during a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A). These charges arise from an incident that allegedly took place on January 10, 2009, in Hammonton, New Jersey. Defendant and other members of the Pagan's Motorcycle Club (PMC) are alleged to have violently assaulted a fellow PMC member who they suspected was cooperating with law enforcement officers. The assault was allegedly carried out on Defendant's orders and in is his presence. The Government further alleges that Defendant was armed with a firearm during the assault.

Counts Nineteen and Twenty-One charge Defendant with a criminal conspiracy in violation of 18 U.S.C. § 371 and with being a bodyguard of a convicted felon in violation of 18 U.S.C. §§ 922(h) and 924(a)(2). The alleged factual basis for these charges is that Defendant and others possessed firearms to act as bodyguards for Defendant's father, co-defendant Floyd Moore. Floyd Moore, the national vice-president of the PMC, was a convicted felon prohibited from possessing a firearm. Furthermore, because Defendant is alleged to be an unlawful user of cocaine, his possession of the firearm forms the basis for Count Twenty-Four, which charges him with being an unlawful drug user in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(3) and 924(a)(2).

    B.    *Weight of the Evidence*

The Government has proffered substantial evidence linking Defendant to the offenses charged in the superseding indictment. *Cf. United States v. Smith,* 79 F.3d 1208, 1210 (D.C. Cir. 1996) (holding that the government may proceed by way of proffer at detention hearings); *United States v. Chappelle*, 51 F. Supp. 2d 703, 706 (E.D. Va. 1999) (same). Defendant counters that the Government's witnesses are not credible.

The Government proffers statements from four individuals that implicate Defendant in the beating of the individual suspected of cooperating with the Government. One co-defendant has admitted under oath that he participated in the assault at Defendant's direction. This co-defendant further states that Defendant was present for the assault and that Defendant was armed with a black Ruger handgun which the co-defendant had seen in Defendant's possession on numerous occasions.[2] A second co-defendant who allegedly was present at the incident corroborates the first, stating under oath that Defendant gave the order to assault the suspected informant. A third co-defendant discussed the incident with Defendant on at least two occasions. A fourth witness, who is not a co-defendant, heard Defendant tell Floyd Moore shortly after the incident that he engaged in the assault because he believed the suspected informant was cooperating with government authorities.

Supporting Defendant's alleged drug abuse, the Government has proffered a statement made by Defendant to law enforcement officers on the date he was arrested on the present charges. Defendant allegedly candidly admitted that he was a recreational user of cocaine. Statements from two co-defendants corroborate the assertion that Defendant was a frequent user of cocaine. An audio recording from February 2009 contains the voice of a person, alleged to be Defendant, expressing dissatisfaction with quality of drugs he had received and threatening to harm the supplier.

Much of Defendant's evidence and argument, which ostensibly is for the purpose of rebutting the presumption, focuses on attacking the weight of the Government's evidence against Defendant on the pending charges. Defendant calls the Court's attention several reasons to doubt the credibility of the Government's witnesses. Defendant has proffered that one of the co-defendants who was

---

[2] A handgun of the same description, along with other firearms and ammunition, was discovered during a search of Defendant's home.

present at the alleged assault and who has implicated Defendant has provided inconsistent accounts of the incident. This co-defendant initially claimed that he was too impaired by drugs and alcohol on January 10, 2009, to recall the events that occurred that day. Similarly, the cooperating witness who allegedly overheard Defendant bragging about the assault has a conviction for perjury. Defendant further calls into question the statements of the three co-defendants relied on by the Government, arguing that each has pled guilty and therefore has a reason to falsely implicate Defendant in the assault.

  C. *History and Characteristics of Defendant*

Defendant argues that aspects of his history and characteristics establish that he does not pose a danger to others. Defendant proffers that has no record of criminal activity and that he has long history of gainful employment. He has demonstrated family support and ties to his community. Defendant has proffered numerous letters of support and character references. He notes that he was honorably discharged from the military. Lastly, in response to the Government's contention that he is a drug user, Defendant proffers that he is regularly tested for drugs by his employer and has not tested positive for drugs over the course of his nineteen-year employment.

The Government contends that Defendant is, or at least was, the president of his PMC chapter. In this position he held considerable sway over the actions of other PMC members, who he could order to commit unlawful actions. The Government also has proffered evidence that since his arrest in this case he has attempted to obstruct the Government's investigation and that he has shown an unwillingness to cooperate with probation officers.

### D. Nature and Seriousness of Danger to Others

The evidence proffered by the Government against Defendant, if true, would indicate that Defendant has the capacity and willingness to use violence and threats of violence against others. It likewise would indicate that Defendant abuses cocaine and routinely carries firearms, which in conjunction increase the potential risk of violence posed by Defendant.[3] Of particular concern is that the alleged conduct suggests that Defendant poses an acute danger to persons he knows to be cooperating with government authorities. In addition to the incident forming the basis for several of the charges against Defendant, the Government has proffered evidence demonstrating that Defendant recently threatened the lives of a co-defendant and that defendant's "old lady" if that co-defendant cooperates with the Government in this case. The identities of several cooperating persons have been disclosed to Defendant through the course of discovery in this case. Defendant potentially poses a risk to these persons. Furthermore, the class of persons who may be targeted for their real or perceived cooperation with the government grows with each plea agreement that is filed with this Court.

### III. CONCLUSION

The Court **FINDS**, for the reasons stated above, that Defendant has not rebutted the presumption that no condition or combination of conditions of release would reasonably assure the safety of persons associated with this case. Defendant's argument and proffers cast doubt on the Government's evidence against him on the charges in the superseding indictment, but he has failed to provide this Court with affirmative evidence in his favor which would indicate that conditions exist

---

[3] Defendant's proffer that he has not tested positive for drug use despite being repeatedly tested can lead to conflicting inferences. It may demonstrate that he is not a drug user, but it also may indicate that he is adept at beating drug tests.

that would reasonably assure the safety of others upon his release. Moreover, the Court notes that the evidence proffered by the Government would compel a finding by clear and convincing evidence that pretrial detention is proper in this matter. The potential for Defendant to commit acts of violence, and to organize and direct members of the PMC to commit acts of violence on his behalf, is greatly curtailed if he is in custody.

Accordingly, the Court **GRANTS** the United States' Motion for Revocation of Order Releasing Defendant on Bond [Docket 1320]. The magistrate judge's Order releasing Defendant on bond [Docket 1325] is **REVERSED** and the stay contained therein is **DISSOLVED**.

The Court hereby **ORDERS** that Defendant remain in the custody of the United States Marshal pending trial.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to Defendant and counsel, the United States Attorney, the United States Probation Office, and the United States Marshal.

ENTER: March 16, 2010

_____
THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE